RICHARD ROE and JOHN R. STANFORD, plaintiffs in error,
  vs. JOHN DOE, ex dem., WILLIAM H. MONGIN, et al., de-
fendants in error.

1. Where there is evidence enough to fully justify the verdict of the
  jury, a new trial will not be awarded.

Action of ejectment, in Habersham Superior Court. Tried
before Judge HUTCHINS, at the April Term, 1861.

This was an action of ejectment, instituted on the 10th
day of July, 1858, in the name of John Doe, on the demises
of William H. Mongin, Peyton L. Wade, and Andrew J.
Nichols, against Richard Roe, casual ejector, and John R.
Stanford, tenant in possession, to recover "a certain parcel
or tract of land situate in the county of Habersham, and
being part of lot No. 19., in the 10th district of said county,
and being in the bend of Soquee river, near Clarksville, just
opposite the mouth of the branch running from Clarksville
by the lot known as the Fayette lot, where Wiley Thompson
now lives, and bounded on the north, east, and south sides,
by the old run or bed of said Soquee river to the middle or
thread of said bed, and on the west side by the new or present
bed of said river, and embraced in a deed dated 29th Sep-
tember, 1837, from Benjamin Vaughan to William H. Mon-
gin, containing five acres, more or less, and also sometimes
known as the Island."

To this action the defendant pleaded the general issue, and
the Statute of Limitations.

Both parties claiming title to the land in dispute from
Benjamin Vaughan, it was agreed, on the trial, that neither
should be required to show title further back than Vaughan,
the common grantor.

The plaintiff introduced the following testimony, to-wit:

1st. A deed from Benjamin Vaughan to William H. Mon-
gin, dated 29th September, 1837, conveying "all that part
of lot No. 19, in the 10th district of Habersham county,
lying on the west side of the Soquee river, containing five
and a half acres, more or less."

This deed was registered 29th September, 1837.

2d. A deed from said Mongin to Peyton L. Wade, dated 21st January, 1842, and registered the 16th June, 1842, conveying "all that part of lot No. 19, in said district and county, lying on the west side of Soquee river, containing five and a half acres, more or less."

3d. A deed from said Wade to James R. Wiley, dated 5th January, 1848, and registered 28th February, 1858, conveying "all that part of lot No. 19 aforesaid, lying on the west side of Soquee river, containing five and a half acres, more or less."

4th. A deed from John W. H. Underwood and John H Wiley, executors of James R. Wiley, deceased, to Andrew J Nichols, dated 28th June, 1858, and registered on same day conveying "a certain parcel of land, part of lot No. 19 aforesaid, beginning at the north corner of said lot No. 1 and running south fifty-five degrees, west thirty-three chains and five links along the north line of said lot to a conditional stone corner, thence thirty-eight chains and thirty links, east thirty-six chains and fifty links to a hickory sapling near the road leading from the Soquee bridge to the Vandyke bridge, thence a southwardly direction along the bluff leading from the said hickory tree to the Soquee river, said line running midway from the base to the top of said bluff, thence up said river bed as it used to run and did run at the time of the original survey of said lots, and up to the year 1840, with the meanders thereof to within three chains and sixteen links of the south-east corner of said lot No. 1, thence north thirty-five chains, west six chains and thirty-three links to a stone corner, thence north fifty-five chains, east three chains and sixteen links to the original line of said lot, thence along said line to the beginning corner, containing one hundred and eighty-three acres, more or less.

The defendant introduced a deed from the administrators of Vaughan to John R. Stanford, conveying all of lot No. 19, in the 10th district of Habersham county, except such part or parcels of said lot as the said Benjamin Vaughan, deceased, may have sold off from said lot, and conveyed by

deed in his life time. The said tract containing 186 acres, and also so many acres may be covered by the waters of Soquee river to the west bank thereof, and also including all the waters of said river,, and the land upon which said waters ran within said lot No. 19, on the 5th of February, 1839.

On the trial there was a multitude of witnesses sworn, and there was a considerable conflict in the testimony. The land in dispute, as appears from the record, was an island lying within two channels of the Soquee river. The plaintiff endeavored to show by his testimony that the island did not exist at the time Vaughan conveyed the land to Mongin, but that it was formed in the month of May, 1840, by the celebrated freshet of that year, and that as Vaughan conveyed to Mongin, in 1837, all the land of lot No. 19, lying west of the river as it then ran, he conveyed the premises in dispute, and that the changes in the channel of the river did not deprive him, and those deriving title from him, of the land in controversy.

. The defendant, on his part, endeavored to rebut this theory of the case, and establish the contrary thereof.

The question being one of mere fact, it is not deemed necessary to detail the voluminous testimony adduced on each side.

The jury found for the plaintiff the premises in dispute, and $45 00 mesne profits, with cost of suit.

The defendant then moved for a new trial, chiefly on the ground that the verdict was contrary to law, contrary to evidence, and greatly contrary to the weight of the evidence in the case.

The Court overruled the motion, and refused the new trial, and that decision is the error complained of.

STANFORD, for plaintiff in error.

AKERMAN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It is time that this litigation should be ended. Whatever conflict may exist in the testimony as to the precise period when the island, which has given rise to this controversy, was found, it must in all fairness be admitted, that up to the year 1840 the main stream of the Soquee river ran in what is called the old channel under the bluff, on the south-east side of the land in dispute. Indeed, the presumption from the proof is, that the new cut was not made until the May freshet of that year—the water flowing in the other channel only at high water. This being so, and Vaughan conveying to Mongin all the land west of the river, he conveyed the land in dispute.

Mongin in conveying to Wade, Wade to Wiley, and the administrators of Wiley to Nichols, without noticing the changes gradually and imperceptibly effected in the several channels—no doubt from the evidence intended in the successive deeds, which were made to the premises, to convey all the land which Vaughan had sold to Mongin. It is not to be supposed that Mongin retained the title to the two and a half acres contained in the island.

Vaughan subsequently sells to Col. Stanford all the rest of the land not already disposed of to Mongin, which the jury were warranted, from the testimony, in finding, did not include the island.

It is said, that if Col. Stanford does not own the land, neither does Nichols ; that the title is still in Mongin.

We have already remarked that there is abundant evidence to support the conclusion that the *all*, the land, passed by each successive deed.

Were it unintentionally omitted it would constitute a strong case for a Court of Equity to interpose and grant relief. At any rate, it shows that the equity of the case, as well as the law, are against the defendant.

Col. Stanford has not made out such a possessory title as will enable him to hold the land. The outside fence round his entire tract proves nothing as to this particular piece of

ground, and there is no testimony as to any particular occupancy of the island for the statutory period.

Without therefore disturbing the numerous minor questions presented in this record, we hold that there are facts enough in this case fully to justify the verdict.

Let the judgment be affirmed.